PUNI AMOSA, Claimant

v.

FALENI TAUAI, Counter-Claimant

[In the Matter of the Matai Title "TAUAIFAIVA"]

High Court of American Samoa
Land & Titles Division

MT No. 1-87

July 17, 1987

Before KRUSE, Associate Justice, LUALEMAGA,
Associate Judge, VAIVAO, Associate Judge, AFUOLA,
Associate Judge, and TUIAFONO, Associate Judge.

Counsel: For Claimant, Napoleone Tuiteleleapaga
The Counter-Claimant appeared pro se

The Court makes the following findings with
regard to the criteria provided in A.S.C.A. 8
1.0409(c).

I.  Hereditary Right

The Court finds that both candidates Puni
Amosa and Faleni Tauai are immediate descendants of
former titleholders.    In accordance with the

-13-

familiar rule, the parties are respectively fifty percent in blood ties and hereditary entitlement.

The Court was also referred to the rule in In re Matai Title "Sotoa", 2 A.S.R.2d 15 (1984), which requires hereditary considerations along descent lines to the original titleholder. The rationale in this case is that "every title holder does not start a new line of hereditary right." . Id. at 15. The Court further held that the rule is one of general application, and it is with this attempt to state the scope of the rule that problems arise.

The so called Sotoa rule has not gone without disparaging comment from the Appellate Division on its efficacy. See In re Matai Title "Le'iato", 3 A.S.R.2d 133 (1986); In re Matai Title "La'apui", 4 A.S.R.2d 7 (1987). The preeminent difficulty with the rule, noted by the Appellate Court, is borne out in the matter before us. That is, the rule does not lend itself to the situation where different sides of the family may have completely different ideas about who the original holder might be. This prompted the Appellate Division to suggest a review of alternatives, whether it be adhering to the old rule or some other rule altogether. In re Matai Title Le'iato, supra.

The Sotoa approach, as stated, is inflexible and necessarily assumes that customs and traditions with regard to hereditary entitlement are static and may not vary from family to family. In point of fact, the source of the rule was in effect the Court's taking judicial notice of Samoan custom and tradition. The rule was unknown in the case books prior to 1984, and the present panel of Associate Judges find it difficult to accept that custom and tradition on hereditary entitlement has become so firmly and universally established as to ground a rule of general application.

This Court, in Fairholt v. Aulava, 1 A.S.R.2d 73 (1983), acknowledged the dynamic nature of Samoan custom and was there confronted with a legislative attempt to codify the "pule" of the matai in a particular context. The enactment's proscriptive effect was narrowed for constitutional reasons, but in so doing, the Court found after extensive factual inquiry that that aspect of Samoan custom was not in need of legislative entrenchment. The Court's reasoning in Fairholt was compelling; the Sotoa attempt to state a rule as applying across the board in all cases, through

-14-

"judicial notice" of custom, seems less than compelling.

The hereditary rule in _Sotoa_, as noted in _In re Matai Title "Fano"_, 4 A.S.R.2d 148 (1987), was not the subject of argument by any of the parties, but was presented to the Court by way of stipulation. If anything then, the facts of that case clearly pointed out that the Sotoa family had a specific and different tradition with respect to hereditary right than has been the case with the traditions of other families that have come before the court previously. But then it does not necessarily follow that the tradition of the Sotoa family is therefore the tradition of all other families.

On the facts of the case before us, there was no evidence to suggest that the customs and traditions of the Tauaifaiva family of Amanave with regard to hereditary right required the tracing of descent lines to the original titleholder.

Accordingly it is the conclusion of the Court, for reasons given earlier, that neither candidate prevails on the issue of hereditary entitlement.

## II. Support of the Clans

The term "clan" remains a vexing one with respect to matai title considerations. If the cases have demonstrated anything in connection with this criterion, it is widespread dissension as to the meaning of the term "clan" in the context of custom. _See_, _e.g._, _In re Matai Title "Fai'ivae"_, 4 A.S.R. 71 (1972). It is a term that breeds subjectivity more often than not, and while the obvious purpose of this second criterion is to determine where the weight of family opinion lies, the exercise would be that much more manageable if the enactment spoke in terms of "family" as opposed to "clan". The only clear indication from the legislature with regard to the notion of "clans" is that custom may vary from family to family, and with these comments we attempt to apply the criterion.

As typically recurs in matai cases, the parties are at odds on the number of clans. Claimant Faleni Tauai makes the claim that there is only one traditional clan in the family, namely Lepuamo, said to be the one and only issue of the original titleholder, Tauai Sogimaletavai. Faleni claims the support of this clan.

-15-

On the other hand, claimant Puni claims that traditionally, there were two clans of the family, namely Lopati and Taai. Puni claims the support of these clans.

To complicate matters, both parties seem to acknowledge a recent trend within the family, in connection with family affairs and fa'alavelave, to recognize the descendants of Tauai Amosa on the one hand as a group, of which Puni is a member, and the descendants of Tauai Esera as a group, of which Faleni is a member.

We find that the weight of the evidence preponderates in favor of Puni on this issue. If we accept Faleni's views as to the single clan of the family, the weight of family opinion (as evident by the signatories in support of Puni's registration application) is clearly in Puni's favor. Similarly, if we find the family to be comprised of two clans, these clans favor Puni on the testimony. Additionally, the evidence also suggests that, subsequent to Puni's attempts to register the title, Faleni was counseled by certain members of his supporters to withdraw his objections filed. This points also in Puni's favor.

We find for Puni accordingly.

### III. Forcefulness, Character, and Knowledge of Samoan Custom

From the evidence and our observation of the parties, it is the conclusion of the Court that claimant Puni clearly prevails on this issue. In the area of custom, we find Puni more conversant and better at ease. He was deliberate and purposeful, while Faleni did little to avoid the impression that he was not very serious in his approach and attitude. He demonstrated uncertainty as to the titleholder's traditional position in the context of village and county meetings. In family and village matters, Puni was always at hand and was assertive in ensuring that family responsibilities were not left unattended.

### IV. Value to Family, Village, and Country

Faleni perhaps presents the better looking resume in terms of job background and revenue sources available to him. On the other hand, Puni,

-16-

who is now retired, presents an equally impressive record of dedicated service to the American Samoa Government. Our comparative evaluation finds Puni also prevailing on this issue.

Puni has spent much of his life in the village of Amanave and has been in daily contact with obligations to the family, in terms of tautua, and with obligations of the family to the village and county. He holds the title "Puni" in the village of Amanave and regularly participates in village council matters concerning the welfare of the village. He was appointed to Pulenu'u of Amanave and accordingly discharged faithfully his duties in connection with village responsibilities towards the government and community at large.

On the other hand, Faleni resides in the village of Amaua, Eastern District, with the family of his wife. He claims, however, that he has not faltered with respect to his family obligations and daily visits Amanave. He holds the title "Utusiva" from the village of Amanave and further claims to hold the title "Maluolefale" within his wife's family in Amaua. He renders service or tautua in both villages.

On the foregoing facts, we find Puni's situation and record to be more effective towards family and village. As stated, he is with daily familiarity on what is expected of the Tauai family, and by reason of his better rapport with the village, as well as county, Puni better enhances the dignity of family and its title, Tauaifaiva.

CONCLUSION

On the issue of hereditary right, neither party prevails, being of equal standing. Candidate Puni Amosa clearly ranks ahead of candidate Faleni Tauai on the second, third and fourth issues.

Accordingly, we hold that Puni Amosa is qualified to hold the title Tauaifaiva and the Territorial Registrar is directed to so register the title.

It is Ordered accordingly.